Joseph Shapiro (277111)
Michael Stanger (admitted *pro hac vice*)
Strong & Hanni, P.C.
102 S 200 E, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
jshapiro@strongandhanni.com
mstanger@strongandhanni.com

Ethan Solove (308206)
Jessica Nwasike (343087)
Structure Law Group, LLP
1754 Technology Drive, Suite 135
San Jose, CA 95110
(408) 441-7500
esolove@structurelaw.com
jnwasike@structurelaw.com

*Attorneys for Plaintiff International Technological University Foundation*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL TECHNOLOGICAL UNIVERSITY FOUNDATION, a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>WASC SENIOR COLLEGE AND UNIVERSITY COMMISSION, a corporation; SOFIA UNIVERSITY, SPC, a corporation; GREG O'BRIEN, an individual, BARRY RYAN, an individual; and DOES 1-10,<br><br>Defendants. | Case No.: 5:22-cv-4576-BLF<br>Judge: Beth Labson Freeman<br><br>NOTICE OF MOTION AND *EX PARTE* MOTION OF PLAINTIFF FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br><br>Hearing Date: N/A<br>Hearing Time: N/A<br>Courtroom: 3<br>Address: 280 South 1st Street, San Jose, CA 95113 |

PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

Plaintiff International Technological University Foundation ("Plaintiff" or "ITU") hereby moves the Court under Rule 65 to enter a Temporary Restraining Order against Defendant WASC Senior College and University Commission ("WSCUC"), ordering that:

1. Until the Court rules otherwise, WSCUC shall not withdraw accreditation from ITU.

2. ITU may immediately remove from its website and from its promotional materials all information regarding potential withdrawal of WSCUC accreditation or adverse accreditation actions WSCUC has taken or that WSCUC may take during this litigation.

3. Until the Court rules otherwise, WSCUC shall not take any adverse accreditation action against ITU for removing the information described in the preceding paragraph.

4. Until the Court rules otherwise, all references to ITU on WSCUC's website shall indicate that ITU remains accredited and/in good standing; other materials published or provided by WSCUC shall indicate the same. Additionally, WSCUC shall represent to the general public, and respond to inquiries from the general public (e.g., ITU's students, potential students, and alumni), that ITU is fully accredited by WSCUC and is not currently subject to any adverse accreditation decisions and/or proceedings.

Notice of this Motion for TRO has not been provided to the opposing parties due to the urgency of the situation (*see* Declaration of Joseph Shapiro). As explained in the TRO, Plaintiff ITU is on the brink of financial and institutional failure because of the cloud of pending withdrawal of accreditation.

## NEED FOR IMMEDIATE RELIEF

"Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Tandon v. Newsom*, 517 F. Supp. 3d 922, 977 (N.D. Cal. 2021) (citing *Az. Dream Act Coal. v. Brewer*, 855 F.3d 957, 978 (9th Cir. 2017)). While monetary injury is not normally irreparable, "the threat of being driven out of business is sufficient to establish irreparable harm." *Id.* (citing *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022)). Additionally, "showing a

threat of 'extinction' is enough to establish irreparable harm, even when damages may be available and the amount of direct financial harm is ascertainable." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022) (citing *Am. Passage Media Corp.*, 750 F.2d 1470, 1474 (9th Cir. 1985)).

"The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm . . . ." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974)). The status quo to be preserved "refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000).

ITU is a small university reliant on accreditation status to recruit and retain students. Since 2019, ITU has been compelled to conspicuously indicate on its website that its accreditation status is compromised and subject to immediate withdrawal. ITU currently has only 106 students. SoF at ¶ 185. In 2019 ITU had 447 students. *Id.* at ¶ 177. In 2020 ITU had 292 students. *Id.* at ¶ 178. In 2021 ITU had 138 students. *Id.* at ¶ 179. In 2022 ITU had 140 students. *Id.* at ¶ 180. And now—only 106 students. *Id.* at ¶ 181. Despite its best efforts, ITU is on the brink of extinction—likely months away, or at best maybe a year. Without the requested TRO, ITU will soon be out of business and extinct. *Bristol Univ. v. Accrediting Council for Indep. Colleges & Sch.*, No. 116CV307AJTMSN, 2016 WL 9223924, at *1 (E.D. Va. Mar. 22, 2016) (awarding TRO, explaining that "plaintiff will suffer irreparable harm in the absence of immediate injunctive relief since without accreditation, it will cease operations and its currently enrolled students will no longer be able to attend classes"). The purpose of a TRO is to preserve the status quo so that a party like ITU has an opportunity to vindicate its rights before it is irreparably harmed. The status quo here, which is the most recent circumstances that are undisputed, is full accreditation, without show-cause status, from WSCUC.

Multiple Courts agree that loss of accreditation is sufficient to establish irreparable harm. *Bristol Univ. v. Accrediting Council for Indep. Colleges & Sch.*, 184 F. Supp. 3d 262, 268 (E.D. Va. 2016); *W. State*

*Univ. of S. California v. Am. Bar Ass'n*, 301 F. Supp. 2d 1129, 1137-38 (C.D. Cal. 2004); *Hampton Univ. v. Accred. Council for Pharm. Edu.*, 611 F. Supp. 2d 557, 565 (E.D. Va. 2009); *St. Andrews Presbyterian Coll. v. S. Ass'n of Colleges & Sch., Inc.*, No. 1:07CV00640, 2007 WL 4219402, at *3 (M.D.N.C. Nov. 29, 2007); *Fla. Coll. of Bus. v. Accrediting Council for Indep. Colleges & Sch.*, 954 F. Supp. 256, 259–60 (S.D. Fla. 1996). Courts have also found that it is appropriate to preserve status quo by maintaining accreditation status and the accompanying badges of accreditation. *W. State Univ. of S. California v. Am. Bar Ass'n*, 301 F. Supp. 2d 1129, 1130, 1137 (C.D. Cal. 2004); *Bristol Univ. v. Accrediting Council for Indep. Colleges & Sch.*, 184 F. Supp. 3d 262, 269 (E.D. Va. 2016).

ITU is battling not only the irreparable harm that will result from loss of accreditation, but the irreparable harm that has and will continue to accrue due to the cloud (now for more than three-and-a-half years) of threatened loss of accreditation. As the Central District of California has observed, the "harm if accreditation is withdrawn is real and substantial. [A school or program] need not wait for the axe to fall before seeking an injunction." *W. State Univ. of S. Cal. v. Am. Bar Ass'n*, 301 F.Supp.2d 1129, 1137–38 (C.D.Cal.2004).

## GROUNDS FOR MOTION

A party seeking a TRO must "demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of relief; (3) the balance of equity tips in its favor; and (4) the injunction is in the public interest." *Sausalito/Marin Cnty. Chapter of California Homeless Union v. City of Sausalito*, 522 F. Supp. 3d 648, 653 (N.D. Cal. 2021) (citations and internal quotation marks omitted). "Alternatively, the [party seeking a TRO] may demonstrate that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor, so long as the other two [] factors are also met." *Pangea Legal Servs. v. U.S. Dep't of Homeland Sec.*, 501 F. Supp. 3d 792, 807 (N.D. Cal. 2020). "The Ninth Circuit uses a sliding scale approach to [TROs], such that a stronger showing of one element may offset a weaker showing of another. Under the sliding scale approach, a petitioner is entitled to a TRO if he has raised serious questions going to the merits and the balance

of hardships tips sharply in his favor." *Bent v. Barr*, 445 F. Supp. 3d 408, 416 (N.D. Cal. 2020) (citing *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012)) (internal quotation marks omitted).

The Court should issue the requested TRO because ITU has raised serious questions going to the merits of its claims against WSCUC and the balance of hardships tips sharply in ITU's favor. ITU's breach-of-contract claims against WSCUC implicate serious issues regarding WSCUC's course of conduct in its role as ITU's accreditor. Granting a TRO would be harmless to WSCUC, but non-issuance of a TRO will likely result in the ultimate harm to ITU: death before ITU gets a meaningful opportunity to vindicate its claims.

As discussed above, Plaintiff faces imminent and irreparable harm. Plaintiff is likely to succeed on the merits.

## RELIEF SOUGHT

Plaintiff respectfully requests that the Court grant this ex parte motion as follows:

1. Until the Court rules otherwise, WSCUC shall not withdraw accreditation from ITU.
2. ITU may immediately remove from its website and from its promotional materials all information regarding potential withdrawal of WSCUC accreditation or adverse accreditation actions WSCUC has taken or that WSCUC may take during this litigation.
3. Until the Court rules otherwise, WSCUC shall not take any adverse accreditation action against ITU for removing the information described in the preceding paragraph.
4. Until the Court rules otherwise, all references to ITU on WSCUC's website shall indicate that ITU remains accredited and/in good standing; other materials published or provided by WSCUC shall indicate the same. Additionally, WSCUC shall represent to the general public, and respond to inquiries from the general public (e.g., ITU's students, potential students, and alumni), that ITU is fully accredited by WSCUC and is not currently subject to any adverse accreditation decisions and/or proceedings.

This motion is based on this Ex Parte Motion and the original Complaint filed on August 8, 2022, a true and correct copy on which is being filed herewith, the Memorandum of Points and Authorities In Support of Temporary Restraining Order and Preliminary Injunction, Declaration of Yau-Gene Chan, Declaration of Joseph Shapiro and a [Proposed] Temporary Restraining Order and Order to Show Cause being filed herewith, and the complete files and records of this action; and such other and further matters as the Court may properly consider.

DATED:  March 21, 2023

By: *[signature: Joseph Shapiro]*

STRONG & HANNI, P.C.
Joseph Shapiro
Michael Stanger

STRUCTURE LAW GROUP, LLP
Ethan Solove
Jessica Nwasike

*Attorneys for Plaintiff*