UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERNATIONAL TECHNOLOGICAL UNIVERSITY FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>WASC SENIOR COLLEGE AND UNIVERSITY COMMISSION, et al.,<br><br>Defendants. | Case No. 22-cv-04576-BLF<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re: ECF No. 70] |

Plaintiff International Technological University Foundation ("ITU") brings this action against its accrediting body, another university, and two former employees, asserting a range of claims. Relevant to the present motion, ITU asserts that its accrediting body, WASC Senior College and University Commission ("WSCUC"), breached contracts with ITU when it conditioned accreditation upon ITU installing Greg O'Brien, a friend of WSCUC's Executive Vice President, into a leadership position at ITU and placed ITU in "show cause" status regarding possible termination of its accreditation in retaliation for ITU's board ousting O'Brien in 2019.

Before the Court is ITU's motion for a temporary restraining order. Plf.'s *Ex Parte* Mot. for TRO ("Mot."), ECF No. 70; *see also* Plf.'s Mem. P. & A. Supp. Mot. for TRO ("Mem."), ECF No. 71. ITU seeks an order (1) prohibiting WSCUC from withdrawing ITU's accreditation until the Court rules otherwise; (2) permitting ITU to remove from its website and promotional materials all information regarding potential withdrawal of WSCUC accreditation or adverse accreditation actions WSCUC has taken or may take during this litigation and (3) prohibiting WSCUC from taking any adverse accreditation action against ITU for removing this information; and (4) requiring that all references to ITU on WSCUC's website and in other materials published

or provided by WSCUC indicate that ITU remains accredited and in good standing and that WSCUC represent to the general public that ITU is fully accredited by WSCUC and is not currently subject to any adverse accreditation decisions or proceedings.  Mot. 4.

ITU has filed this motion on an *ex parte* basis, and the Court finds this matter suitable for disposition without oral argument.  *See* Civ. L.R. 7-1(b).  For the reasons below, ITU's motion for a temporary restraining order is DENIED.

## I. BACKGROUND

ITU is a non-profit university founded in 1994.  Chan Decl. ¶ 3, ECF No 71-1.  ITU retained defendant Greg O'Brien from 2009-2014 to provide accreditation consulting services.  Chan Decl. ¶ 28.  ITU obtained accreditation in 2013.  Chan Decl. ¶ 14.

O'Brien's consulting contract was not renewed after 2014, and he became chairman of the board of Sofia University, a co-defendant here.  Chan Decl. ¶¶ 34-37.  In 2014, ITU experienced accreditation problems, and in 2015, the ITU board removed President Yau-Gene Chan and replaced him with O'Brien, under "extreme pressure from WSCUC."  Chan Decl. ¶ 60.

In 2018, under O'Brien's leadership, ITU's accreditation was "summarily renewed" for six years.  Chan Decl. ¶ 75.  However, ITU also experienced significant financial losses during O'Brien's tenure, and in August 2019, ITU board members moved to remove O'Brien.  Chan Decl. ¶¶ 78, 81.  O'Brien resigned a week later.  Chan Decl. ¶ 81.  Yau-Gene Chan returned to ITU as President on October 15, 2019.  Chan Decl. ¶ 88.

Two months later, on October 18, 2019, WSCUC placed ITU on "show cause" status.  Chan Decl. ¶ 96.  "Show cause" status is a notice from WSCUC to an educational institution and to the general public that WSCUC has determined that the education institution has fallen into significant non-compliance with accreditation standards and that accreditation will be removed absent WSCUC-approved corrective action.  Chan Decl. ¶ 97.  Since October 2019, WSCUC has required ITU to post on its website a notice that ITU's accreditation is pending withdrawal.  Mem. 2.

On June 15, 2022, WSCUC withdrew ITU's accreditation.  Chan Decl. ¶ 163.  Since WSCUC withdrew ITU's accreditation, WSCUC has required ITU to conspicuously post on its

1   website that "[WSCUC] voted to withdraw accreditation from [ITU] effective June 17, 2022,

2   subject to the institution's right to appeal the action." Mem. 2.  ITU has appealed the withdrawal,

3   which is pending.  Mem. 2.

4       ITU's enrollment has declined significantly since 2019.  In 2019, it enrolled 447 students;

5   in 2020, enrollment was 292 students; in 2021, enrollment was 138 students; in 2022, it was 140

6   students; and in the winter term 2023, enrollment stands at 106 students.  Chan Decl. ¶¶ 188-192.

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).  This allows a court "to preserve the status quo where difficult legal questions require more deliberate investigation." *See Sencion v. Saxon Mortg. Servs., LLC*, No. 10-cv-3108 JF, 2011 WL 1364007, *2 (N.D. Cal. April 11, 2011).

## III. DISCUSSION

Plaintiff relies not on its "likelihood of success on the merits" but rather the lower showing that "ITU has raised serious questions going to the merits of its claims against WSCUC." Mem. 30.  But those claims relate to breach of contract and conflicts of interest, not whether ITU actually deserves accreditation.

1          The Ninth Circuit has explained that "there must be a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself" for a district court to have the authority to grant the relief requested. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

          Here, ITU's motion for a temporary restraining order seeks different relief than the relief sought in its complaint. The motion requests that WSCUC be prohibited from withdrawing its accreditation, that WSCUC be required to make certain representations about ITU's accreditation, and that ITU be permitted to make certain representations about its accreditation. The complaint, on the other hand, seeks only damages for breach of contract (breach of covenant of good faith and fair dealing) and violation of the conflict-of-interest policy. *See* Compl. ¶¶ 121-32, p.25. Because ITU's motion seeks different relief than that sought in the complaint, and it is questionable whether restoring accreditation could plausibly be obtained under the claims as pled, "under *Pacific Radiation Oncology*, 810 F.3d 631, there is not a sufficient relationship between the causes of action in the TRO motion and the causes of action in the [complaint]." *See Merritt v. Dimond*, No. 17-CV-06101-LHK, 2018 WL 3126391, at *8 (N.D. Cal. June 26, 2018); *see also Manago v. Santoro*, No. 1:21-CV-01464-HBK, 2022 WL 1126744 (E.D. Cal. Apr. 15, 2022) (motion for preliminary injunction "facially deficient" where "Plaintiff seeks only damages and does not seek injunctive relief in his Complaint"), *report and recommendation adopted*, 2022 WL 2791824 (E.D. Cal. July 15, 2022). The Court therefore does not have the authority to issue the relief requested.

          Looking next at the irreparable harm element, ITU has delayed years in bringing these claims and over nine months since it lost accreditation. The Court finds that this unnecessary delay in seeking relief undermines any argument that ITU will be irreparably harmed in the absence of preliminary relief. Temporary restraining orders are reserved for "emergency situations." *Whirlpool Corp. v. Marshall*, 445 U.S. 1, 20 n.33 (1980). "Parties facing the threat of

4

immediate and irreparable harm generally seek a restraining order as quickly as possible." *Lee v. Haj*, No. 1:16-cv-00008-DAD-SAB, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016). Although "[d]elay by itself is not a determinative factor in whether the grant of injunctive relief is just and proper," *Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019) (quoting *Aguayo ex re. N.L.R.B. v. Tomco Carburetor Co.*, 853 F.2d 744, 750 (9th Cir. 1988), "[i]t is generally recognized that 'a long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm,'" *id.* (quoting *Oakland Trib., Inc. v. Chronical Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)). Accordingly, "[a] plaintiff's delay in seeking relief weighs against granting a TRO." *Perez v. City of Petaluma*, No. 21-cv-06190-JST, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021).

Delays of one month or more are common grounds for denying motions for temporary restraining orders, and some courts deny temporary relief based on delays of as little as ten days. *See id.* (denying motion for temporary restraining order where plaintiff waited "a full month" after the issuance of the challenged city resolution to seek the temporary restraining order); *Oracle Am., Inc. v. Myriad Grp. AG*, No. 10-cv-05604-SBA, 2011 WL 13154031, at *1 (N.D. Cal. Dec. 1, 2011) (three-and-a-half-month delay); *Devashayam v. DMB Capital Grp.*, No. 3:17-cv-02095-BEN-WVG, 2017 WL 6547897, at *4 (S.D. Cal. Dec. 20, 2017) (one-month delay); *Lee*, 2016 WL 8738428, at *2 (one-month delay); *Altman v. County of Santa Clara*, No. 4:20-cv-02180-JST, ECF No. 22 at 2 (ten-day delay). Here, ITU waited much longer to seek a temporary restraining order.

Based solely on ITU's presentation of evidence, it is clear that WSCUC has done nothing new since June 2022. And ITU's claims for breach of contract and violation of the conflict-of-interest policy (Claims 4 and 5 of the Complaint) relate to conduct occurring years ago. Although it is clear that time is taking a toll on ITU's enrollment, the situation regarding WSCUC is static and has been static since June 2022. ITU points to nothing new that has recently happened. Its declining enrollment was readily apparent at least by 2021. And ITU has not shown any reason why this motion could not have been filed in August 2022 when the complaint was filed.

ITU alleges two forms of irreparable harm that it will suffer if relief is not granted: (1) the

"harm that has and will continue due to the cloud (now more than three-and-a-half years) of threatened loss of accreditation" and (2) "harm that will result from loss of accreditation." Mot. 3. The Court addresses each in turn.

First, regarding the "cloud . . . of threatened loss of accreditation," ITU concedes that this alleged harm has existed for more than three-and-a-half years—ever since ITU was placed on "show cause" status in October 2019. Mem. 2, 14. ITU now asks the Court to grant relief that will mitigate this alleged harm, such as allowing ITU to "immediately remove from its website . . . information regarding potential withdrawal of WSCUC accreditation" and requiring WSCUC to "represent to the general public . . . that ITU is fully accredited by WSCUC." Mot. 4. ITU's three-and-a-half-year delay in seeking this relief undermines its claim that it will suffer irreparable harm and is grounds for denying ITU's request. *See, e.g.*, *Perez*, 2021 WL 3934327, at *1 (denying TRO based plaintiff's failure to explain one-month delay).

Second, ITU's delay in seeking relief related to "the harm that will result from loss of accreditation" counsels against finding that this harm is immediate and irreparable. ITU alleges that WSCUC withdrew its accreditation in June 2022 and that ITU has appealed the withdrawal. Mem. 2, 23. ITU now asks the Court prohibit WSCUC from withdrawing ITU's accreditation "[u]ntil the Court rules otherwise." Mot. 4. But ITU offers no explanation as to why it waited nine months from WSCUC's withdrawal of its accreditation to request this extraordinary relief. Again, ITU's delay in moving for a temporary restraining order supports the conclusion that the alleged harm is not immediate and irreparable. The Court therefore denies ITU's requested relief. *See, e.g.*, *Perez*, 2021 WL 3934327, at *1.

The Court's finding that ITU substantially delayed in bringing its motion is confirmed by comparison to cases ITU cites. For example, in *Bristol University v. Accrediting Council for Independent Colleges & Schools*, the court granted a preliminary injunction where the plaintiff had moved for a temporary restraining order within three days of denial of its application for renewal of accreditation and moved for a preliminary injunction four days after that. *See* 184 F. Supp. 3d 262, 263 (E.D. Va. 2016), *rev'd and vacated in part on other grounds*, 691 F. App'x 737 (4th Cir. 2017). As another example, in *Hampton University v. Accreditation Council for Pharmacy*

*Education*, the court granted a preliminary injunction where the plaintiff filed its motion three months after being placed on probation and three months before accreditation had been withdrawn. 611 F. Supp. 2d 557, 558, 564 (E.D. Va. 2009). Here, ITU has been on "show cause" status for over three years, had its accreditation withdrawn nine months ago, and filed its complaint in this action seven months ago. Given its delay in requesting injunctive relief ITU cannot demonstrate immediate and irreparable harm, and therefore is not entitled to a temporary restraining order. *See To Be Ltd. P'ship v. Hudson*, No. 20-cv-3238-JFW (MAAX), 2020 WL 13586043, at *2 (C.D. Cal. Apr. 23, 2020) (denying application for TRO based on plaintiff's "delay in seeking relief" where plaintiff filed its application 13 days after it filed its complaint).

In sum, the Court finds that ITU has not demonstrated a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself, and ITU has not demonstrated that it will suffer irreparable harm. Remarkably, on the facts pled in the complaint and in this motion regarding WSCUC's misconduct, ITU would have this Court step in to restore accreditation without evidence that it currently meets the standards for accreditation. The Court therefore DENIES ITU's motion for a temporary restraining order WITHOUT PREJUDICE to filing a noticed motion for preliminary injunction.

The Court notes that ITU submitted an administrative motion for leave to exceed page limits for this motion. *See* ECF No. 73. The Court GRANTS that request for this motion but will not grant requests for additional pages for future motions, including any motion for preliminary injunction.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that ITU's motion for a temporary restraining order is DENIED WITHOUT PREJUDICE to filing a noticed motion for a preliminary injunction.

Dated: March 23, 2023

_____
BETH LABSON FREEMAN
United States District Judge